## WILLIAM McCULLEY, Jr., PROSECUTOR, v. THE CITY OF ELIZABETH, DEFENDANT.

Argued February 20, 1901—Decided June 10, 1901.

1. A resolution of a city changing ward lines is without force, as such changes can only be made by ordinance, under the statute.
2. The act of April 25th, 1894, authorizing such change by resolution is repealed by the act of March 14th, 1895, which requires such action to be taken by ordinance.
3. The act of 1895 is general, covering the whole subject, and must be taken as the declaration of a legislative policy for the division of cities into wards or the changing of lines of existing wards, as well as the creation of new wards.

---

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutor, *Frank Bergen.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

FORT, J. This writ brings up a resolution of the city council of Elizabeth, adopted on December 15th, 1900. The resolution had for its object the re-arrangement or changing of the boundary lines of the Third, Fifth, Eighth, Ninth, Tenth, Eleventh and Twelfth wards of the city. The description of each ward is fully set forth in the resolution, as is also the several voting districts in each of the re-arranged wards.

By the agreed facts on the record it appears that, under the resolution, the wards, as re-arranged, will contain, on the general average, a quite uniform population in each. The same state of facts show the great disparity of population in the old wards.

There is but one question in this case, and that is, does any authority exist for the city council to make the change in ward lines and districts by resolutions?

Two acts only are referred to as conferring power for changing ward lines in cities. Both of these acts are general and applicable to all cities, and hence no question of the constitutionality of the legislation is here.

The first of these acts is entitled "An act concerning ward and district lines in cities of this state," approved April 25th, 1894. *Pamph. L., p.* 145.

The other is entitled "An act concerning wards and district lines in cities of this state, and for the formation of new wards," approved March 14th, 1895. *Pamph. L., p.* 311.

Under the act approved April 25th, 1894, the authority to pass the resolution here under review would be undoubted. Under the act approved March 14th, 1895, it would be without force, as that act requires ward divisions to be made by ordinance.

Are both these acts in force, as contended by the defendant, or does the act of 1895 repeal the act of 1894, as contended by the prosecutor, thus leaving the act of 1895 as the only statute authorizing the division of wards, and hence the only legal way for a city council to divide them being by ordinance?

It will be noted that the title of the act of 1895 is identical with that of 1894, except that there is added to it the words "and for the formation of new wards."

Section 1 of the act of 1894 reads as follows:

"That in all cities in this state the common council, board of aldermen, or other governing body thereof, shall have power, by resolution adopted by a majority vote of all the members of such body, to divide such city up into wards, or councilmanic or aldermanic districts, and to change the lines of boundaries of the wards or districts therein, but not oftener than once in ten years hereafter; provided, however, that the term of any officer appointed from or elected in said wards or districts shall not be affected by such change; and provided further, that the number of wards or aldermanic districts in any such city shall not be increased hereunder."

Section 1 of the act of 1895 reads as follows:

"That the common council, board of aldermen, or other legislative body of any city of this state shall have power, by ordinance, to divide said city up into wards and to change the lines and boundaries of the present wards and aldermanic districts therein, and to increase the number of wards therein; provided, that the number of wards shall not exceed sixteen in any city; and provided further, that a majority of all the members of said legislative body shall agree to the passage of said ordinance, and the same shall be approved by the mayor of said city."

Section 2 of the act of 1895 provides that in case of change in ward lines existing ward officers shall continue in office until the expiration of their term, &c.

By section 5 of the act of 1895 it is expressly provided as follows:

"5. That all acts *and parts* of acts inconsistent with the provisions of this act be and the same are hereby repealed."

Can these acts both stand?

We think not. It seems clear that it was the policy of the legislature in adopting the act of 1895 to create a uniform method for changing ward or district lines or creating new wards in cities.

Every provision of the act of 1894 is covered by the act of 1895, and .the only difference in the statutes is that the first authorizes the change to be made by the city council *by resolution,* while the latter requires it to be done by ordinance, and the provisions limiting the change to once in ten years in the act of 1894 is omitted from the act of 1895.

Section 5 of the act of 1895, it seems to us, must be held to be an express repealer of the act of 1894. The titles of the acts are identical, and the provisions of both relate to the same subject-matter.

But if this were not so, it is quite clear, under our decisions, that the act of 1894 is repealed by the act of 1895 by implication.

Repeal by implication is not favored, but where the clear intent of the legislature is apparent such effect will be given to the statute. All the decisions on this subject, in this state, are considered and cited in *Tomlin* v. *Hildreth,* 36 *Vroom* 439.

We think that the only method by which cities can be divided into wards or ward lines changed, or the number of existing wards be increased, is by ordinance, as provided in the act of 1895.

This leads to the setting aside of the resolution brought up.